Jay H. ADAMS et al., Petitioners,
Appellees,

v.

George SAMPSON, Sheriff et al.,
Respondents, Appellants.

No. 78–1317.

United States Court of Appeals,
First Circuit.

Argued Nov. 9, 1978.

Decided Dec. 18, 1978.

Richard B. McNamara, Asst. Atty. Gen., Concord, N. H., with whom Thomas D. Rath, Atty. Gen., Concord, N. H., was on brief, for appellants.

Randolph J. Reis, Manchester, N. H., with whom David L. Nixon, Thomas R. Watson, Stephen J. Tybursky, and Brown & Nixon, Professional Association, Manchester, N. H., were on brief, for appellees.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is an appeal from an order of the district court on a petition for a writ of habeas corpus vacating the state convictions of ten individuals who, while protesting the construction of a nuclear plant in Seabrook, New Hampshire, were charged with trespass and with violating a state court injunction forbidding entry on the premises. Their subsequent convictions were affirmed by the New Hampshire Supreme Court, *State v. Linsky*, 1977, 379 A.2d 813. In overturning the contempt convictions, the

district court found that seven of petitioner appellees were not shown to have had notice of the injunction, "let alone proof beyond a reasonable doubt," and that the other three were "lured to [the] protected premises in what this court chooses to label as 'invited contempt,' [thereby] negativ[ing] the necessary wilfullness to constitute a contempt." We reverse.

■ As a minor matter, our review of the record indicates direct proof of at least some notice to at least five of the petitioners. Of greater importance, it shows three sources from which it could be fairly inferred that all petitioners had notice: general group discussion prior to entry, at least one posted sign, and two loud speaker broadcasts, one prior to entry, and one after entry to the effect that the protestors could be purged of contempt if they left immediately, (met by a chorus of "no's"). While we may question the power of the police so to purge contempt, this issue does not arise. Certainly its questionable legal effectiveness does not negative the conclusion that the hearers who did not retreat were on notice thereafter.

We review a state court conviction in a habeas proceeding only for constitutional error. If a direct constitutional right was involved, we may consider the state court's findings, including the adequacy of the evidence in support. 28 U.S.C. § 2254(d)(8) (1976). *See Townsend v. Sain*, 1963, 372 U.S. 293, 316, 83 S.Ct. 745, 9 L.Ed.2d 770; *Leavitt v. Howard*, 1 Cir., 1972, 462 F.2d 992, 995–96, *cert. denied*, 409 U.S. 884, 93 S.Ct. 175, 34 L.Ed.2d 140. If, however, the only claim of unconstitutionality is that the petitioner was convicted on insufficient evidence, our only function is to determine whether there was evidence in fact; we do not consider whether we ourselves, on that evidence would have reached the same result. As we have recently observed, "[t]he writ can be granted only if there is such a void of evidentiary support as to amount to a denial of due process." *Grieco v. Meachum*, 1 Cir., 1976, 533 F.2d 713, 721, *cert. denied*, 429 U.S. 858, 97 S.Ct. 158, 50 L.Ed.2d 135; *see Thompson v. City of*

*Louisville*, 1960, 362 U.S. 199, 204–06, 80 S.Ct. 624, 4 L.Ed.2d 654; *Faust v. State of North Carolina*, 4 Cir., 1962, 307 F.2d 869, 871–72, *cert. denied*, 371 U.S. 964, 83 S.Ct. 547, 9 L.Ed.2d 511. On the evidence, so viewed, we find ample basis from which the state court could infer, in spite of denials by some petitioners and invocation of distracting factors, that all petitioners, at some point or other, had notice of the injunction, and, accordingly, wilfully disregarded it.

■ With respect to the issue of intent, we cannot accept the claim that the state court was obliged to find that petitioners were lured, or entrapped. It is true that the railroad tracks, which were not covered by the injunction, were blocked off, and that access to the enjoined premises was not blocked, but this was not an invitation to pass freely onto the premises. Petitioners' acknowledgement that they entered the premises with the intent to commit criminal trespass, and the expectation of being arrested therefor, itself admits that they did not believe that they were invited. Either they were invited, or they were not. When they knew they were not invited with respect to trespass, there is no basis for concluding that they were somehow "lured" with respect to the injunction.

There is, however, another matter. In its opinion granting the writ, the district court stated that "there is no need to reach the other serious constitutional deprivations claimed by petitioners." We have examined petitioners' other claims, and while we cannot agree with the breadth of this language, we do believe that petitioners have made a showing warranting review of the question whether, in light of the various statements made by the trial judge, they received a fair trial.

*Reversed, and remanded for consideration of the issue of a fair trial.*